```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


    DARREN L. BALDWIN,                  :
                                        :
         Plaintiff,                     :
                                        :
    vs.                                 :   CIVIL ACTION 04-0178-M
                                        :
    JO ANNE B. BARNHART,                :
    Commissioner of                     :
    Social Security,                    :
                                        :
         Defendant.                     :
```

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Plaintiff's attorney's Petition for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b), as amended (Docs. 28 and 33), and Defendant's Response to Plaintiff's Petition for Authorization of Attorney Fees (Doc. 29). On July 11, 2006, the parties filed written consent and, on July 18, 2006, Judge Charles R. Butler, Jr., referred this action to the undersigned Magistrate Judge to conduct all proceedings in this action and to order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Docs. 30 and 31). After consideration of all pertinent materials in the file, it is **ORDERED** that Plaintiff's attorney's Petition for Authorization of Attorney Fees be and is hereby **GRANTED** and that Plaintiff's attorney, Byron A. Lassiter, be and is hereby **AWARDED** a fee of $1,149.62 for his services before the Court.

Plaintiff hired Mr. Lassiter on February 23, 2004, to pursue her claim for a period of disability, Disability Insurance Benefits, and Supplemental Security Income benefits after his claim was denied initially and at the hearing level.  At that time, it was agreed that Mr. Lassiter would receive 25 percent of past-due benefits paid to Plaintiff.  A written contingent fee agreement was executed by Plaintiff on March 22, 2004 (Doc. 28, Ex. C).

For the past approximately 2 years and 5 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed applications for disability benefits and SSI on August 23, 2002, which application was denied initially and at the hearing level on October 16, 2003.  On October 20, 2003, Plaintiff timely requested review of the ALJ's decision by the Appeals Council, which request for review was denied by the Appeals Council on January 24, 2004.

After denial of his applications, Plaintiff filed this action on March 23, 2004, for judicial review of that decision (Doc. 1).  *See* 42 U.S.C. §405(g).  By Order dated November 15, 2004, this action was set for oral argument on December 27, 2004 (Doc. 16); however, on November 17, 2004, the parties waived the oral argument (Doc. 17).  On December 23, 2004, the undersigned Judge entered a Report and Recommendation that the decision of the Commissioner be reversed, that this action be remanded, and that

judgment be entered in favor of Plaintiff and against Defendant (Doc. 19).  On February 18, 2005, Judge Pittman entered an Order Modifying and Adopting the Report and Recommendation of the Magistrate Judge and a Judgment reversing the decision of the Commissioner and remanding this action to the Social Security Administration pursuant to sentence four of 42 U.S.C. §405(g) (Docs. 21 and 22).

Pursuant to this Court's Order, a hearing was held on December 12, 2005, after which the ALJ issued a Fully Favorable Decision on January 10, 2006, finding Plaintiff disabled since July 14, 2002, and awarding benefits under Titles II and XVI of the Social Security Act.  The Social Security Administration issued a Notice dated February 11, 2006, stating that the total amount of Plaintiff's past-due benefits was $25,798.50 and informing him that his attorney was authorized to charge the amount of $5,300.00 for services rendered at the administrative levels (Doc. 28, Ex. B).  Adding the $5,300.00 administrative attorney fee to the $1,149.62 attorney fee requested in this Petition results in a total fee request of $6,449.62, which amount equals 25 percent of Plaintiff's past-due benefits.

On June 27, 2006, Mr. Lassiter filed the pending Petition for Authorization of Attorney Fees for services before this Court, requesting approval of a fee in the amount of $1,149.62 (Doc. 28).  Mr. Lassiter spent a total of 14.5 hours before this Court and has

represented Plaintiff before this Court since 2004, when the complaint for judicial review was filed, without compensation for his time spent before this Court (Doc. 28). In her Response, Defendant states that she has no objection to the requested fee (Doc. 29).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). 42 U.S.C. § 406(b) also authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits. Bergen v. Commissioner of Social Security, ___ F.3d ___, 2006 WL 1843633 at *4 (11th Cir. July 6, 2006). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. § 406(b). Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v. Sullivan, 958 F.2d

4

1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to 25 percent of the past-due benefits awarded).

Although the SSA does not withhold funds from an award of SSI benefits for the payment of attorney's fees, an attorney may be able to collect a fee for such Title XVI representation directly from his or her client pursuant to their fee agreement.  Motley v. Heckler, 800 F.2d 1253, 1255 n.5 (4th Cir. 1986).  Furthermore, while it is clear that the Secretary [now Commissioner] must approve any fee for Title XVI services performed at the administrative level, Motley, 800 F.2d at 1255, n.3 (citing 20 C.F.R. § 416.1520), it is not clear whether this Court is required to approve a Title XVI fee for services performed before this Court or any appellate court.  See Motley, supra.  However, given the fact that counsel requests court approval of the fee, and given the purpose of Title XVI, which is to provide benefits to financially needy individuals who are aged, blind, or disabled, regardless of their insured status, the undersigned is of the opinion that the Court should consider whether the fee requested is reasonable and specifically authorize counsel's withdrawal of such a fee from a trust or escrow account.

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required

the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases". Id. at 1828.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition

to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration.  Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified."  Gisbrecht, 122 S.Ct. at 1822.  In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client.  Id. at 1822.

    Mr. Lassiter filed an Application for Attorney Fees Under the Equal Access to Justice Act on May 9, 2005 (Doc. 23).  After consideration of that motion, as well as Defendant's Notice of No Objection to Plaintiff's Application ... (Doc. 24), the Court entered a Report and Recommendation that the Application be granted and that Mr. Lassiter be awarded an attorney's fee under EAJA in the amount of $1,812.50 (Doc. 25).  The Court, by Order and Judgment entered June 28, 2006, adopted the Report and Recommendation as the opinion of the Court and awarded Plaintiff's counsel an EAJA fee in the amount of $1,812.50 (Docs. 26, 27).  In the present Petition for Authorization of Attorney Fees, Mr. Lassiter acknowledges that an attorney's fee awarded under 42 U.S.C. § 406(b) is subject to a dollar-for-dollar offset by

previous attorney's fees awarded under EAJA, which in this instance is $1,812.50.

The Supreme Court in Gisbrecht did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, *e.g.,* McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989). If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See *id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the

> reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See Rodriquez, 865 F.2d at 741. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney. Wells, 907 F.2d at 372. A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction. Id. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable. Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the

requested fee does not exceed 25 percent of past-due benefits.

After reviewing the fee petition, as amended, and the file, including Defendant's Response, in light of the guidance provided by <u>Gisbrecht</u> and the opinions cited above, the Court finds that Mr. Lassiter has diligently represented Plaintiff since 2004 in this Court and has been successful in obtaining past-due benefits for Plaintiff. There is no evidence that Mr. Lassiter contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement. Plaintiff has signed a fee agreement, in which he agrees to the fee being requested by Mr. Lassiter. The total fee requested does not exceed 25 percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his attorney. The requested fee is not so large as to be a windfall or unreasonable. The Court finds that the requested fee of $1,149.62 is reasonable for the services rendered before this Court.

Mr. Lassiter points out in the original Petition that by Pub.L.No. 99-80, § 3, 99 Stat. 186, Congress amended section 206(b) of Pub.L.No. 96-481 to provide that the smaller of the fees awardable for the same work under the EAJA and the Act must be refunded to the Plaintiff. However, in this instance, Mr. Lassiter recognizes, and sets out in the amendment to his

Petition (Doc. 33), that by retaining the larger EAJA fee of $1,812.50, when combined with the $5,300.00 administrative fee already awarded, would result in an attorney's fee which exceeds 25 percent of Plaintiff's past-due benefits.  Therefore, Mr. Lassiter requests approval of an attorney's fee in the amount of $1,149.62 and that the Court include in its order a provision requiring counsel for Plaintiff to pay Mr. Baldwin the sum of $1,812.50, which sum represents the EAJA fee, currently held in a trust.

Therefore, it is **ORDERED** that Plaintiff's attorney's Petition for Authorization of Attorney Fees be and is hereby **GRANTED** and that Plaintiff's attorney be and is hereby **AWARDED** a fee of $1,149.62 for his services before this Court.  Mr. Lassiter is to refund to Plaintiff the sum of $1,812.50, which sum represents the EAJA fee he was awarded.

DONE this 26th day of July, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE